```
UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF TENNESSEE
         NASHVILLE DIVISION
```

```
JAMES KIMBROUGH              ]
     Plaintiff,              ]
                             ]
v.                           ]     No. 3:13-0687
                             ]     Judge Sharp
HELEN COLEMAN, D.D.S.        ]
     Defendant.              ]
```

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Deberry Special Needs Facility in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Dr. Helen Coleman, a dentist at the facility, seeking injunctive relief and damages.

On June 18, 2013, Dr. Coleman allegedly cracked one of the plaintiff's teeth. The plaintiff believes that the defendant damaged his tooth deliberately in retaliation for a lawsuit he filed against one of Dr. Coleman's colleagues last year.[1]

In order to establish a claim for relief under § 1983, the plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of some right secured by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908, 1913 (1981).

---

[1] Kimbrough v. Waldon, Civil Action No.3:12-0782 (M.D. Tenn.)(presently awaiting a ruling on defendant's motion for summary judgment).

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). Dental treatment has been identified as one type of care that falls within the scope of a prisoner's serious medical needs. Flanory v. Bonn, 604 F.3d 249, 253 (6th Cir.2010). A cognizable claim regarding inadequate dental care is based on various factors, such as the pain suffered by the plaintiff, the deterioration of the teeth attributable to a lack of dental care, or the inability of the plaintiff to engage in normal daily activities. Chance v. Armstrong, 143 F.3d 698, 703 (2nd Cir.1998).

In this case, the plaintiff claims that his tooth was deliberately damaged by the defendant. This claim is based solely upon his "belief" and lacks any factual basis other than the fact that Dr. Coleman is a co-worker of another dentist being sued by the plaintiff. His claim of retaliation, therefore, is so attenuated as to constitute no claim at all.

The plaintiff acknowledges that the defendant was in the course of examining him when he felt that Dr. Coleman had not been providing appropriate dental care and stopped the examination. The plaintiff cannot, then, say that Dr. Coleman was deliberately indifferent to his need for dental care.

Thus, in the absence of a constitutional deprivation, the plaintiff is unable to prove every element of a § 1983 cause of

action. Consequently, he has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to *sua sponte* dismiss the instant action. 28 U.S.C. § 1915(e)(2).[2]

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge

---

[2] To the extent that the plaintiff may be alleging that Dr. Coleman was in some way negligent, dental malpractice does not become a constitutional tort simply because the plaintiff is a prisoner. *See* Estelle, *supra* at 429 U.S. 105-106.