```
UNITED STATES DISTRICT COURT
  MIDDLE DISTRICT OF TENNESSEE
       NASHVILLE DIVISION
```

```
JAMES KIMBROUGH                 ]
     Plaintiff,                 ]
                                ]
v.                              ]    No. 3:13-0687
                                ]    Judge Sharp
HELEN COLEMAN, D.D.S.           ]
     Defendant.                 ]
```

**O R D E R**

The Court has before it a *pro se* prisoner complaint (Docket Entry No.1) under 42 U.S.C. § 1983 and an application to proceed in forma pauperis (Docket Entry No.2).[1]

It appears from the application that the plaintiff lacks sufficient financial resources from which to pay the fee required to file the complaint. Accordingly, plaintiff's application to proceed in forma pauperis is GRANTED. 28 U.S.C. § 1915(a).

The plaintiff is herewith ASSESSED the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the

---

[1] The plaintiff was instructed to provide the Court with a certified copy of his trust fund account statement or the institutional equivalent. Docket Entry No.3. When he was unable to obtain such a statement, he filed a motion (Docket Entry No.5) asking the Court to order prison officials to provide the required statement. The certified statement has been received by the Court, *see* Docket Entry No.7, rendering the plaintiff's motion MOOT.

1

custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

In accordance with the Memorandum contemporaneously entered, the complaint fails to state a claim upon which relief can be granted. Consequently, this action is hereby DISMISSED. 28 U.S.C. § 1915(e)(2).

An appeal of the judgment rendered herein would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445-446 (1962). Therefore, the plaintiff is NOT certified to pursue an appeal of this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

Nevertheless, should the plaintiff decide to file a notice of appeal, he must either pay the Clerk of Court the full appellate

2

filing fee of four hundred fifty five dollars ($455.00) or submit a new application to proceed in forma pauperis with a certified copy of his inmate trust account statement for the previous six month period. 28 U.S.C. § 1915(a)(1); McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).

The Clerk is directed to send a copy of this order to the Warden of the Deberry Special Needs Facility to ensure that the custodian of plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

Entry of this order shall constitute the judgment in this action.

It is so ORDERED.

_____
Kevin H. Sharp
United States District Judge

3